The plaintiff, Max Hooks, appeals from summary judgments for all defendants on his claim against Robert V. Hitt, chairman of the Etowah County Commission; the Etowah County Commission; James Hayes, sheriff, Etowah County; the Etowah County Personnel Board; the Etowah County Personnel Department; and Mike Naugher, both individually and as personnel director of Etowah County. We affirm.
Max Hooks was employed by the Etowah County sheriff's office in 1972. He worked there until 1980, when he requested a transfer to the district attorney's office. By resolution, the transfer was authorized by the Etowah County Commission. The resolution stated that his title was "trial coordinator/investigator" and that his yearly salary was $14,000.00. At the time Mr. Hooks transferred to the district attorney's office, he signed an employment-at-will contract.
As an investigator, he received part of his salary from the county, with the remainder being paid by the state. He also received many of the benefits of county employees, including: insurance for himself and his spouse; prescription drug benefits; eye care; sick leave, as well as pay for unused sick days; and the annual pay raises given to county employees. Furthermore, part of his salary was deducted each week to contribute to the county retirement fund. Finally, Mr. Hooks received correspondence addressed to "All County Employees."
Mr. Hooks was aware that the newly elected district attorney was in favor of eliminating his position; therefore, Mr. Hooks requested that the Etowah County Personnel Board rule on the question of whether he was a county employee. On October 21, 1986, the Board ruled that Mr. Hooks was, in fact, a county employee. However, that ruling was rescinded on approximately December 17, 1986. Mr. Hooks attempted to appeal the reversal to the Etowah County Personnel Department, but Mr. Hooks was informed that he was a state employee and therefore had no right to an appeal.
On December 19, 1986, Mr. Hooks made a request to Roy McDowell, the Etowah County sheriff at that time, to be transferred back to the sheriff's department. Sheriff McDowell agreed to the transfer, but the newly elected sheriff, James Hayes, refused to place Mr. Hooks on active duty in his department.
On January 19, 1987, Mr. Hooks was terminated from his job as an investigator for the district attorney's office. Within ten days of his dismissal, Mr. Hooks made a written demand upon the personnel director for a hearing before the personnel board pursuant to § 9(b) of Act No. 84-462, Ala. Acts 1984.
After failing to receive satisfaction from the county personnel board, Mr. Hooks filed this civil action, alleging intentional denial of due process, conspiracy, and intentional and unjustifiable interference with contractual and business relations.
Each defendant filed a motion to dismiss, supported by affidavits and other documents. The trial court considered the motions, affidavits, and supporting documents and granted the motion. Because the defendants *Page 159 
filed affidavits and other documents supporting their motions to dismiss, which the trial court considered in making its decision, the motions are deemed to have been converted into summary judgment motions, and the orders shall be reviewed as summary judgments. Rule 12(b), A.R.Civ.P.; see Braggs v. JimSkinner Ford, Inc., 432 So.2d 466 (Ala. 1983); Sims v. Lewis,374 So.2d 298 (Ala. 1979); Thorne v. Odom, 349 so.2d 1126 (Ala. 1977). The issue is whether the summary judgments were proper. Thus, unless there is a genuine issue of material fact when the evidence is considered in a light most favorable to the plaintiffs, the non-moving party, then we must affirm. HaroldBrown Builders, Inc. v. Jordan Co., 401 So.2d 36 (Ala. 1981).
The arguments on appeal in this case have been presented by the parties in absolute terms: The defendants claim that Mr. Hooks is a state employee, as defined in Ala. Code 1975, §12-17-1, and that he can not also be a county employee. Furthermore, the defendants argue, Mr. Hooks is a state employee by virtue of the fact that the district attorney's office is a state office. On the other hand, Mr. Hooks asserts that he was a county, not a state, employee because he was paid from county funds and received county benefits; therefore, he says, he was entitled to the benefits of substantive and procedural due process given to employees in the service of Etowah County pursuant to 1984 Ala. Acts, No. 84-462. We are of the opinion that Mr. Hooks is a state employee and also that he is in the "classified service" of the state; therefore, he is not entitled to the rights and benefits of Act 84-462 because that statute specifically excludes from coverage those employees in the "classified service" of the state.
We first address the defendants' argument that, by virtue of Ala. Code 1975, § 12-17-1(a), and the Code Commissioner's Note following that section, investigators for district attorneys were deemed to be state employees as of October 1, 1977. Section 12-17-1(a) states in pertinent part:
 County personnel. — All full-time county personnel, including all persons for whom funding is provided by the unified judicial budget, serving the district court and circuit courts, other than sheriff's deputies and employees and building maintenance and security personnel, shall become employees of the state of Alabama on October 1, 1977.
Ala. Code 1975, § 12-17-1(a). The Code Commissioner's Note following that section states that investigators for district attorneys "are deemed to be court personnel under this section, and their appointment, salary, etc., should be determined by the administrative director of courts as of October 1, 1977." It might be inferred from this language that investigators for district attorneys are considered "county court personnel" for purposes of § 12-17-1(a). Notwithstanding the implications of the Code Commissioner's Note, investigators for district attorneys are not made state employees by virtue of this statute. Furthermore, district attorneys and their staffs are not paid from the state unified judicial budget.
Having concluded that § 12-17-1 does not apply to the instant case, we will not review the statutes that are applicable to our analysis of the issues in this case. District attorneys are state employees whose salaries are funded by the state. Ala. Code 1975, § 12-17-182. Each district attorney in each judicial circuit is authorized by § 12-17-220(a) to hire investigators and other personnel that he determines are necessary, with the salary of these employees to be funded by the state. By virtue of the fact that a district attorney is a state employee, we conclude that those in his employ are also state employees. Thus, we conclude that, as an investigator for the district attorney's office, Mr. Hooks was a state employee, but our analysis does not end here.
Although investigators for district attorneys are state employees, the county in which the district attorney is located is authorized to supplement investigators' salaries with county funds. Section 12-17-220(a). It is an undisputed fact that Etowah County supplemented Mr. Hooks's salary with county funds. Because he received county funds, Mr. Hooks claims that *Page 160 
a local act applicable to Etowah County, Act 84-462, 1984 Ala. Acts, is applicable to him.
Act 84-462 is a comprehensive act establishing a personnel department and a personnel board in Etowah County and providing specific procedural and substantive rights of due process to certain persons, as defined by § 9 of the Act. However, although the Act applies to all officers and employees in the service of the county, it specifically excludes certain positions. The Act states:
 Section 4. The provisions of this act shall apply to the following officers and employees in the service of the county:
 (a) All officers and employees in the service of the county except:
. . . .
 (v) Persons in the "classified service" within the meaning of and subject to the State of Alabama merit system [Ala. Code 1975, § 36-26-10(d)] under any present or future law, and so long as such law remains effective;
. . . .
 Offices, positions and employment designated above as coming within the scope of this act, and other offices, positions and employments not exempted above, shall constitute the classified service of the county. It is intended hereby to include within the classified service all offices, positions and employments now existing, or as they hereafter exist, which are paid in whole or in part from funds of the county. . . .
Act 84-462, § 4 (emphasis supplied).
To determine those persons included in the "classified service" of the state,[1] we are referred to Ala. Code 1975, §36-26-10. Subsections (b) and (c) of that Code section specify that certain "positions in the service of the state" shall be in the "exempt service" and certain others shall be in the "unclassified service," and subsection (d) provides:
 (d) The classified service shall include all other officers and positions in the state service.
Investigators for district attorneys, not coming within the terms of (b) or (c), come within the catch-all provision of (d).
Thus, even if Mr. Hooks was paid in whole or in part from funds of the county, see Act No. 84-462, § 4, if Mr. Hooks was also a classified employee of the state, as defined in §36-26-10, then he would not be entitled to the benefits of § 9 of the Act. As we have already shown, an investigator for a district attorney is within the "classified service" as defined in that section, and because Mr. Hooks was in the classified service, Act No. 84-462 did not apply him.
Based on the foregoing, we conclude that Mr. Hooks is not entitled to the rights of substantive and procedural due process provided in Act No. 84-462, § 9.
For the foregoing reasons, the summary judgments in favor of the defendants are affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON, SHORES, BEATTY, HOUSTON and STEAGALL, JJ., concur.
[1] The last paragraph of § 4 defines the classified service of the county and specifically excludes those persons coming within the definition of the classified service of the state. In other words, a classified employee of the state can not also be a member of the classified service of the county.