On Applications for Rehearing
This court's original opinion, dated May 12, 1995, is withdrawn, and the following is substituted therefor:
These four employment termination cases have been consolidated on appeal. The records contain several hundred pages of pleadings and testimony. We pretermit discussion of the specific details of each case and note the following pertinent facts: *Page 779 
Sheriff Edsel Whitten terminated the employment of Deputy David Lowe and Chief Deputy Jimmy Pickett on September 29, 1993, and October 25, 1993, respectively. Both Lowe and Pickett appealed their terminations to the Personnel Board of Marshall County, pursuant to local Act No. 82-206, Ala. Acts 1982. After hearings, the Board voted to reinstate Lowe after a 30-day suspension and to reinstate Pickett without a suspension.
Whitten appealed both decisions of the Board, also pursuant to Act No. 82-206, to the circuit court for a trial de novo; Lowe counterclaimed. The trial court ordered Lowe reinstated after a 90-day suspension, and Pickett reinstated after a 30-day suspension, without pay; it dismissed Lowe's counterclaim.
On December 10, 1993, while Whitten's appeal was still pending in the circuit court, he again terminated the employment of Lowe and filed a notice of termination with the Board. Lowe filed an objection with the Board, alleging that the Board did not have jurisdiction while the original termination action was still pending in the circuit court.
The Board filed a declaratory action, asking the circuit court to determine if an actual controversy existed between Whitten and Lowe. Whitten moved to dismiss the Board's action, contending that Act 82-206 did not empower the Board to file a lawsuit. The trial court dismissed the case, holding that the December 10 termination was a "nullity" because "no final determination of the validity of the first termination" had been made.
Whitten appeals from each decision of the trial court, contending that the Board, and, therefore, the trial court, lacked jurisdiction to consider the cases because, he argues, Act No. 82-206 does not apply to the sheriff or his deputies. Alternatively, if the Board did have jurisdiction, Whitten argues, then: (1) the trial court abused its discretion in refusing to uphold the terminations; and (2) the trial court's scope of review was improper. Lowe cross-appeals, arguing that the trial court erred in imposing a 90-day suspension.
We must first address whether Act No. 82-206 authorized the Board or the trial court to exercise authority over the sheriff and his deputies. A court that lacks jurisdiction over either the person or the subject matter has no power to act. DruidCity Health Care Authority v. Alabama State Health Planning Development Agency, 482 So.2d 1222 (Ala.Civ.App. 1985).
Whitten argues that neither he nor his deputies are subject to Act No. 82-206. We agree. Act 82-206, Acts of Alabama 1982, provides in pertinent part:
 "Section 2. As used in this Act, unless the context clearly requires a different meaning . . . 'employee' means any person, including law enforcement officers, not excepted by Section 3 of this Act, who is employed in the service of Marshall County or any board, agency or instrumentality thereof. . . .
 "Section 3. The provisions of this Act shall apply to all officials and employees in the service of the County or any board paid by the Marshall County Commission, agency or instrumentality thereof except: (a) persons holding elective offices. . . .
 "Section 4. All employees to whom the provisions of this Act apply shall be governed by rules and regulations prescribed in or promulgated pursuant to this Act, administered by the Personnel Board. . . ."
Whitten contends that he is not subject to the Act. Specifically, he argues that the Act excludes him from the merit system it established, because, he argues, he is not employed by Marshall County. We agree that Whitten "is a constitutionally established executive officer of the State of Alabama (Ala. Const. 1901, Art. V, § 112, § 138) and is not considered an employee of the county for the purposes of imposing liability upon the county." King v. Colbert County,620 So.2d 623, 625 (Ala. 1993). And, because he is an elected official, Whitten is specifically exempt by the language of section three of the Act.
Whitten also argues that Lowe and Pickett are not subject to Act No. 82-206 because, he argues, deputies are not "employed in the service of Marshall County." In Terry v. Cook,866 F.2d 373 (11th Cir. *Page 780 
1989), the Court of Appeals for the Eleventh Circuit established that a deputy is a legal extension of the sheriff, and, therefore, a deputy's actions are considered the actions of the sheriff and the two should share the same immunity. Specifically, the Terry court stated:
 "Under Alabama law, a deputy sheriff is the general agent of and empowered to enter into business transactions for the sheriff. Any transaction within the scope of the sheriffs duties may be acted upon by his deputy. The deputy sheriff is the alter ego of the sheriff, and the sheriff is civilly liable for actions committed by a deputy done in the performance of his duty."
Id., at 377 (citations omitted). That court also concluded that a sheriff could refuse to rehire politically disloyal deputies, because of the "closeness and cooperation required between sheriffs and their deputies." Id. at 377. Both Lowe and Pickett were fired for making disloyal remarks about Whitten.
For further support for the proposition that a sheriff's deputies are not employees in the service of the county, we look to Hooks v. Hitt, 539 So.2d 157 (Ala. 1988). There, an investigator who had worked for the district attorney's office challenged his dismissal on the grounds that he had been denied statutorily created substantive and procedural due process protection afforded to county employees under Etowah County's civil service statute, Act 84-462, Acts of Ala. 1984. Our supreme court held that the investigator was not entitled to any protection provided by the statute because he was not a county employee: "By virtue of the fact that a district attorney is a state employee, we conclude that those in his employ are also state employees." Id., at 159. A sheriff is not a county employee; rather, he is a member of the executive branch of state government and thus a state employee by virtue of the Constitution of the State of Alabama. Ala. Const. 1901, § 112; Hereford v. Jefferson County, 586 So.2d 209 (Ala. 1991). Applying Hooks to the facts of this case, we must conclude that a sheriff's deputy is also a state employee. Local Act No. 82-206 applies only to those "employees in the service of the County." Therefore, the sheriff's deputies, as employees in the service of the state, are not entitled to protection under the statute. In view of the clear meaning of the pertinent provisions of Act 82-206 and given the case law, we hold that the sheriff's exemptions specifically provided for in the Acts should extend to his deputies and that the sheriff's deputies are not employees of the county and that the Act therefore does not apply to them.
Accordingly, the judgment of the trial court is reversed and the cases are remanded for the trial court to enter an order consistent with this opinion.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATIONS FOR REHEARING OVERRULED; REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, MONROE, and CRAWLEY, JJ., concur.