**Linda KILCREASE, Plaintiff,**

v.

**COFFEE COUNTY, ALABAMA, Defendant.**

**Civil Action No. 96–D–864–S.**

United States District Court, M.D. Alabama, Southern Division.

Oct. 4, 1996.

Jackson W. Stokes, Richard J. Spurlin, Elba, AL, for plaintiff.

Daryl L. Masters, James W. Webb, Pamela P. Robinson, Montgomery, AL, for defendant.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the Court is defendant's, Coffee County, motion to dismiss filed July 31, 1996. The plaintiff, Linda Kilcrease, filed a brief in opposition August 2, 1996. The defendant filed a reply August 20, 1996. After careful consideration of the arguments of counsel, the relevant caselaw, and the record as a whole, the Court finds that the defendant's motion is due to be granted in part, and denied in part.

### JURISDICTION

The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1343 (civil rights jurisdiction) and 28 U.S.C. § 1331 (federal question jurisdiction). The parties do not contest personal jurisdiction or venue.

### STANDARD OF REVIEW

When ruling on a motion to dismiss for failure to state a claim, the court must assume that the factual allegations in the complaint are true. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Fed.R.Civ.P. 12(b)(6). Assuming that the facts are true, a complaint may be dismissed under the *Federal Rule of Civil Procedure* 12(b)(6) only "if it is clear that no relief could be granted" under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

## FACTS

Construing all the facts in the complaint to be true, the Court finds the following facts control the disposition of this motion:

The plaintiff was employed by the Sheriff's Department of Coffee County, Alabama as a corrections officer. The plaintiff was paid $4.50/hour while male co-workers performing the same tasks and functions as the plaintiff were paid $7.50/hour. Further, an employee ten years younger than the plaintiff was paid at a rate and given raises at a rate which exceeded the compensation guidelines applied to the plaintiff.

A County employee program permitted employees to donate sick leave time to other employees who experienced catastrophic illness. The plaintiff was qualified to receive this benefit, and an attempt to donate 110.04 hours of leave to the plaintiff was made March 14, 1995. The sick leave donation program was rescinded July 24, 1995. The plaintiff was not allowed to utilize donated sick leave she had accrued prior to the termination of the program.

The plaintiff instituted this action May 23, 1996. She seeks recovery under four counts: 29 U.S.C. § 206 (the Equal Pay Act ("EPA")); 42 U.S.C. § 2000e–2(a)(1) (the Age Discrimination in Employment Act ("ADEA"));[1] 29 U.S.C. § 2601 (the Family and Medical Leave Act ("FMLA")); and 42 U.S.C. § 1981. The plaintiff seeks compensatory and punitive damages, fees and costs.

## DISCUSSION

### A. The ADEA Claim

■ 29 U.S.C. § 626(d) provides:
No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed—

(1) within 180 days after the alleged unlawful practice occurred ...

There is no evidence that the plaintiff has complied with this administrative prerequisite. Because the plaintiff has failed to exhaust her administrative remedies,[2] with respect to this claim the defendant's motion is due to be granted.

### B. The EPA Claim

■ The plaintiff claims that the defendant violated 29 U.S.C. § 206(d)(1) by failing to pay her at the same rate as male employees performing substantially similar duties. The defendant asserts that the plaintiff's claim is due to be dismissed because Coffee County, Alabama was not the plaintiff's employer within the meaning of the Equal Pay Act. 29 U.S.C. § 203(d) provides:

'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization.

"The question whether a particular defendant is an employer under the Equal Pay Act is a question of law." *Welch v. Laney*, 57 F.3d 1004, 1011 (11th Cir.1995) (citing *Patel v. Wargo*, 803 F.2d 632, 634 (11th Cir.1986)). In making this decision the court considers, where the employment took place, and whether the alleged employer had the power to hire, fire, or modify the employees' conditions of the employment. *Id.*

■ In Alabama the authority a county has over employees of its sheriff's department is determined by reference to state legislation and local laws. Based on a review of these authorities, the Court concludes that

---

1. The plaintiff appears to attempt to bring an action based upon 29 U.S.C. § 621 et. seq. (1967) (The Age Discrimination in Employment Act ("ADEA")). In the interest of conserving judicial resources, the Court will decide this motion as though the plaintiff had properly pled this cause of action.

2. Further, the Court finds that the plaintiff's claim is now barred by the statute of limitations. 29 U.S.C. § 626(d)(1). This analysis would apply equally to the plaintiff's claim if it were predicated upon a violation of Title VII, 42 U.S.C. § 2000(e) et. seq.

Coffee County may have been the plaintiff's employer for purposes of the EPA.[3]

To begin, the Court examined Ala.Code § 36–22 (1975). This section of the Alabama Code is titled "Sheriffs." Section 36–22–3 is entitled "Duties generally." While this section does not reveal whether the Sheriff has any duties towards department employees, it does state the sheriff must "perform such duties as are or may be imposed by law." § 36–22–3(5). After a thorough search, the Court can find no other state-wide law imposing duties or granting authority upon the Sheriff with respect to employees of the Sheriff's department.[4]

Title 11 of the Alabama Code deals with Counties and Municipal Corporations. Although the Court finds no explicit grant of power or authority over sheriff's department employees, the Court finds that broad scheme of Title 11 could imply that such power resides within the county. Next, the Court looked for a Coffee County law of local application that specifically assigned power or authority over Sheriff's Department personnel. The Court's review of local laws uncovered no such assignment. *See* 1931 Ala. Acts p. 79, 1939 Ala. Acts p. 61; 1956 Ala. Acts p. 408; 1959 Ala. Acts p. 637. Although there is a provision among these local laws which allows the Sheriff to appoint deputies, the extent of this grant of authority is strictly limited to appointment. This Court cannot find any law which places broad authority over department employees in the hands of the Sheriff. Thus, the Court finds that Coffee County may have been the plaintiff's employer.

The Court finds that the plaintiff has asserted a set of facts which would support a

claim for violation of the Equal Pay Act, 29 U.S.C. § 206. Therefore, with respect to this claim, the defendant's motion is due to be denied.

### C. The FMLA Claim

■ The plaintiff claims that the defendant violated 29 U.S.C. § 2601 et. seq. by refusing to allow her to utilize the sick leave donated by her co-employees. Pursuant to the analysis in plaintiff's EPA claim, the Court finds that Coffee County may have been the plaintiff's employer for purposes of her FMLA claim. However, the Court finds that, even assuming plaintiff's alleged facts to be true, the defendant has violated no provision of FMLA. Section 2612 of the FMLA provides in part, "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12–month period for … a serious health condition." The plaintiff does not claim that she was denied this benefit. The plaintiff's claim is based on the denial of voluntarily created sick leave donation program. The Court can find no other provision of FMLA that could create a cause of action for the plaintiff. Therefore, with respect to this claim, the defendant's motion is due to be granted.

### D. § 1981 Claim

■ The plaintiff alleges "[t]he Defendant's arbitrary and capricious treatment of the Plaintiff is discriminatory based upon Plaintiff's age in gender [sic], and as such is a violation of 42 U.S.C.A. Section 1981." Pl.'s Compl. at ¶ 26. A claim of discrimination on the basis of age or sex cannot be maintained under § 1981. *See Kodish v. United Air Lines, Inc.,* 628 F.2d 1301 (10th Cir.1980); *Runyon v. McCrary,* 96 S.Ct. 2586, 427 U.S.

---

3. The Court recognizes that under Alabama law, Sheriffs are "constitutionally established executive officers." *Whitten v. Lowe,* 677 So.2d 778, 779 (Ala.Civ.App.1995) *cert. denied* Ala.Sup.Ct. 1950547 (April 19, 1996). However, the plaintiff in the instant case is not trying to recover from the County under a theory of respondeat superior. Instead, the plaintiff alleges that, for purposes of the EPA, the County, not the Sheriff, is her employer. Thus, the fact that the Sheriff is an executive appointee is inapposite.

4. The defendant cites Ala.Code § 14–6–1 (1975) as evidence that the Sheriff is vested with authority over department personnel. This section

reads, "[t]he sheriff has the legal custody and charge of the jail in his county and all prisoners committed thereto, except in cases otherwise provided by law, and may appoint a jailer for whose acts he is civilly responsible." The Court reads this section to give the Sheriff only a limited power of appointment over "jailers." In fact, the Sheriff has been held to have no responsibility for the acts of his appointed "jailers." *Parker v. Amerson,* 519 So.2d 442 (Ala.1987). This section does not give Sheriffs a broad grant of power or authority over Sheriff's Department personnel.

160, 49 L.Ed.2d 415 (1976). Therefore, with respect to this claim, the defendant's motion is due to be granted.

### ORDER

For the foregoing reasons, it is CONSIDERED and ORDERED that the defendant's motion to dismiss:

(1) With respect to the plaintiff's claim for violations of the Equal Pay Act, be and the same is hereby DENIED;

(2) with respect to the plaintiff's claim for violations of the Age Discrimination and Employment Act, be and the same, is hereby GRANTED;

(3) with respect to the plaintiff's claim for violations of the Civil Rights Act, 42 U.S.C. § 1981, be and the same, is hereby GRANTED; and

(4) with respect to the plaintiff's claim for violations of the Family and Medical Leave Act, be and the same, is hereby GRANTED.