This is an appeal from a summary judgment entered in favor of a sheriff on a deputy sheriff's claims alleging wrongful termination and breach of contract. The issues this court must resolve are whether a denial of due process or an actionable breach of contract occurred when the deputy's employment was terminated and, if so, whether the sheriff is immune from suit.
Terry Mack was employed as a deputy sheriff in Wilcox County at the time Sheriff Prince Arnold terminated his employment. Following the termination, Mack sued Sheriff Arnold individually, as well as various fictitiously named parties, alleging that his discharge violated the Due Process Clause of the 14th Amendment to the United States Constitution and various provisions of the Wilcox County personnel system manual ("the personnel manual"). Mack also alleged that Sheriff Arnold breached a contract of employment, because, he alleged, the termination policies in the personnel manual were not followed.
Mack later moved to amend his complaint to allege a violation of his due-process rights under Article I, § 35, Ala. Const. 1901. Sheriff Arnold filed an objection to Mack's motion to amend and, in the alternative, moved to dismiss the action. After Mack filed his answers to interrogatories propounded by Sheriff Arnold, Sheriff Arnold again moved to dismiss the action. Without ruling on Mack's motion to amend, the trial court granted Sheriff Arnold's motion to dismiss and entered a judgment in favor of Sheriff Arnold. Mack appeals. We affirm the trial court's judgment.
The facts that Mack alleged are simple and somewhat sparse. Mack was hired in October 1992 to be a deputy sheriff of Wilcox County. During Mack's tenure, he received a personnel manual. Mack alleges that the personnel manual created a contract of employment between him and the sheriff. Furthermore, Mack contends that he did not violate any of the terms of the personnel manual and that Sheriff Arnold did not follow the proper procedures in the manual before terminating his employment. Specifically, the deputy contends that he was not given proper notice *Page 482 
of the sheriff's actions taken against him and that the sheriff did not take "proper measures in deciding on the employment termination of the plaintiff."
The parties dispute whether the trial court granted a motion for a summary judgment, as Mack contends in his brief to this court, or whether the trial court dismissed the case, as Sheriff Arnold contends in his brief. The trial court contributed to the confusion by entering its order of December 20, 2004, which states: "The Court hereby dismisses this case and enters judgment in favor of the Defendant." (Emphasis added.) This court notes that it is not possible to both dismiss a case and to enter a judgment in favor of one of the parties.
Although Sheriff Arnold filed a Rule 12(b)(6), Ala. R. Civ. P., motion to dismiss for failure to state a claim upon which relief can be granted, the record indicates that the trial court was presented with evidentiary materials outside the pleadings in the form of Mack's responses to the interrogatories, filed with the court on December 6, 2004. When evidence is presented to the trial court and not specifically excluded, it is appropriate for this court to presume that the trial court considered such evidence in making its decision. See Singleton v. State Dep't ofCorr., 819 So.2d 596, 598 n. 1 (Ala. 2001) (the Supreme Court presumed that the trial court considered both the motion to dismiss and an attached affidavit because the trial court did not state that it had excluded the affidavit).
Rule 12(b), Ala. R. Civ. P., provides, in part:
 "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."
(Emphasis added.)
Consequently, the trial court's consideration of Mack's interrogatory responses automatically converted the motion to dismiss under Rule 12(b)(6) to a Rule 56, Ala. R. Civ. P., motion for a summary judgment. See Rule 12(b); see also Briggs v.Woodfin, 395 So.2d 1024, 1025-26 (Ala.Civ.App. 1981) (in the event matters outside the pleadings are called to the attention of the trial court, the trial court should treat a Rule 12(b)(6) motion as one for a summary judgment under Rule 56 and proceed accordingly). Despite the fact that Sheriff Arnold, and arguably the trial court, called the order in question a "dismissal," the trial court's consideration of evidence outside the pleadings makes it appropriate for this court to deal with the order as a summary judgment. Hendrix v. Hunt, 607 So.2d 1254, 1256 (Ala. 1992) (where the parties treated the trial court's order as a dismissal under Rule 12(b)(6), but the record revealed that the trial court had considered undisputed evidence outside the pleadings, the Supreme Court considered the trial court's order a summary judgment).
Having resolved the procedural posture of the case at hand, the appropriate standard of review is the standard applicable to a summary judgment. We review a summary judgment de novo. Lee v.City of Gadsden, 592 So.2d 1036, 1038 (Ala. 1992). A motion for a summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. A party *Page 483 
moving for a summary judgment must make a prima facie showing "that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Rule 56(c)(3); see Lee, 592 So.2d at 1038. If the movant meets this burden, "the burden then shifts to the nonmovant to rebut the movant's prima facie showing by `substantial evidence.'" Id.
(footnote omitted). "[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. ofFlorida, 547 So.2d 870, 871 (Ala. 1989); see Ala. Code 1975, §12-21-12(d).
Mack raises two arguments on appeal: first, that there were genuine issues of material fact concerning the proper procedures Sheriff Arnold should have followed before terminating his employment and, second, that the sheriff breached an employment contract with him by terminating his employment.
Sheriff Arnold counters with three arguments, which generally stated are: first, that Mack and the sheriff, both state employees, were not automatically bound to any of the procedural benefits or requirements in the personnel manual; second, that since the personnel manual contains a provision by which it can be amended unilaterally at any time, no contract for employment was created; and finally, that as an officer of the State of Alabama the sheriff is immune from liability on Mack's claims.
As an initial matter, we must resolve whether Mack was an employee of the State of Alabama or of Wilcox County. If Mack was an employee of the county, then the county's personnel manual could confer on him certain pretermination due-process rights. Our caselaw is clear, however, that a sheriff's deputy is a state employee. Whitten v. Lowe, 677 So.2d 778, 780 (Ala.Civ.App. 1995).
The analysis in a 2001 opinion of the attorney general supports this conclusion as well:
 "Deputy sheriffs and jailers are not county employees and are therefore not subject to the Autauga County personnel policy. A deputy is the alter ego of the sheriff. Terry [v. Cook], 866 F.2d [373,] 377 [(11th Cir. 1989)]. A sheriff is not a county employee; he is a member of the executive branch of state government and, thus, a state official. ALA. CONST. art. V, § 112; Whitten v. Lowe, 677 So.2d 778, 780 (Ala.Civ.App. 1995), citing Hooks v. Hitt, 539 So.2d 157 (Ala. 1988). Therefore, a sheriff's deputy is not a county employee and is not entitled to protection under a local personnel policy. Whitten, 677 So.2d at 780."
Ala. Att'y Gen. Op. 2001-217.
Because Mack is a state employee, not a county employee, the county personnel manual does not automatically apply to his employment. Therefore, Mack cannot prevail on a due-process claim against Sheriff Arnold based on the policies in the personnel manual unless the sheriff independently entered into a contract with Mack to follow the procedures in the personnel manual. Mack argues just that — that Sheriff Arnold entered into an employment contract with him by indicating that he would follow the termination procedures in the personnel manual.
In Harper v. Winston County, 892 So.2d 346 (Ala. 2004), the Alabama Supreme Court noted that while it is well-settled law in Alabama that employment is at will and terminable by either party with or without cause, "an employee handbook can represent a binding contract obligating an employer to satisfy certain conditions precedent *Page 484 
to dismissing an employee." Id. at 351 (citingHoffman-LaRoche, Inc. v. Campbell, 512 So.2d 725, 728 (Ala. 1987)).
Specifically, the Hoffman-LaRoche Court held that the following analysis should be applied to the facts of a case to determine whether any such contract existed:
 "First, the language contained in the handbook must be examined to see if it is specific enough to constitute an offer. Second, the offer must have been communicated to the employee by issuance of the handbook, or otherwise. Third, the employee must have accepted the offer by retaining employment after he has become generally aware of the offer. His actual performance supplies the necessary consideration."
512 So.2d at 735. Additionally, "`[a]n employer's general statements of policy are no more than that and do not meet the contractual requirements for an offer.'" Id. at 731 (quotingPine River State Bank v. Mettille, 333 N.W.2d 622, 626 (Minn. 1983)).
"If the employer reserves in the employee handbook the right to change policies unilaterally, its reservation operates as a disclaimer to negate any inference that the handbook constitutes an enforceable contract." Harper, 892 So.2d at 351 (citingStinson v. American Sterilizer Co., 570 So.2d 618, 621 (Ala. 1990)). "[W]hether a handbook policy meets this test is a matter of law to be determined by the court." Stinson,570 So.2d at 621.
In the case at hand, the personnel manual contains the following language:
"V. Rules, Regulation[s], and Procedures.
". . . .
 "C. Neither the foregoing resolution[1] nor personnel system manual adopted herein is an act of a general or permanent nature but rather a statement for the administration of county personnel matters which is subject to amendment, alteration, or change as dictated by subsequent circumstances by a resolution of the Wilcox County Commission in accordance with established procedures."
The above language in the personnel manual clearly indicates that the policies in the manual are subject to unilateral change at the will of the Wilcox County Commission. Consequently, the personnel manual Mack received cannot be construed as an offer on the part of the sheriff to create a binding employment contract. As a matter of law, the personnel manual did not constitute an enforceable contract of employment.[2]
Though the trial court's order of December 20, 2004, does not contain any findings of fact, or state the rationale for the court's order, "[g]enerally, [an appellate court] can affirm a trial court's judgment on any basis." Donoghue v. American Nat'lIns. Co., 838 So.2d 1032, 1038 (Ala. 2002) (citing Ex parteCity of Fairhope, *Page 485 739 So.2d 35, 39 (Ala. 1999) ("A trial court's judgment, if correct, should be affirmed even if the court has given a wrong reason in support of its judgment."); and Steiger v. HuntsvilleCity Bd. of Educ., 653 So.2d 975, 977 (Ala. 1995) ("A judgment properly entered will not be disturbed, even if it is not supported by the reasons stated by the trial court.")).
We conclude that because Mack was a state employee, Sheriff Arnold was not required to follow any county procedures before terminating Mack's employment and that because the personnel manual did not constitute a contract of employment, the trial court properly entered a summary judgment in favor of the sheriff. We pretermit discussion of the sheriff's immunity argument.
AFFIRMED.
THOMPSON, PITTMAN, and BRYAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing.
[1] The "foregoing resolution" appears to be an introductory statement to the personnel manual.
[2] Even if there had been a contract for employment, "[b]ecause of the sovereign immunity clause, the courts of this state are without jurisdiction to entertain a suit seeking damages, including back pay, for breach of contract against the state." Vaughan v. Sibley, 709 So.2d 482, 486 (Ala.Civ.App. 1997) (citing State Bd. of Adjustment v. State Dep't of MentalHealth Mental Retardation, 581 So.2d 481 (Ala.Civ.App. 1991)). Consequently, insofar as Mack's suit can be construed as an action against the State of Alabama, even if there had been a contract, Mack's sole remedy for damages would have been to seek relief from the State Board of Adjustment. Vaughan,709 So.2d at 486; see also §§ 41-9-62(a)(4) and (a)(7), Ala. Code 1975.