MOORE, Judge.
The Etowah County Commission and Barry Gargus, in his official capacity as chairman of the Etowah County Commission (hereinafter collectively referred to as “the Commission”), appeal from a summary judgment entered in favor of Vicki Grant, Todd Entrekin, Scott Hassell, and Johnny Grant (hereinafter referred to collectively as “the deputy sheriffs”), who are certified deputies woi’king in the Etowah County Sheriffs Department. The deputy sheriffs sued the Commission, requesting that they be awarded overtime compensation that they claimed had been wrongfully denied by the Commission. The trial court entered a summary judgment in favor of the deputy sheriffs.
The Commission appeals from that judgment, arguing: (1) that the deputy sheriffs are nonelected law-enforcement officers in the service of a county and, therefore, that § 36-21-4.1, Ala.Cocle 1975, governs then-request for overtime compensation, and (2) that the deputy sheriffs are exempt from the overtime provisions of the federal Fair *1011 Labor Standards Act pursuant to the “Executive Exemption,” 29 C.F.R. § 541.

Standard of Review

This court’s review of a summary judgment is de novo. Nationwide Prop. & Cas. Ins. Co. v. DPF Architects, P.C., 792 So.2d 369, 372 (Ala.2000).
“We apply the same standard of review the trial court used in determining whether the evidence presented to the trial court created a genuine issue of material fact. Jefferson County Comm’n v. ECO Preservation Services, L.L.C., 788 So.2d 121 (Ala.2000)(quoting Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988)). Once a party moving for a summary judgment establishes that no genuine issue of material fact exists, the burden shifts to the nonmov-ant to present substantial evidence creating a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). ‘Substantial evidence’ is ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assur. Co. of Florida, 547 So.2d 870, 871 (Ala.1989). In reviewing a summary judgment, we view the evidence in the light most favorable to the nonmovant and entertain such reasonable inferences as the jury would have been free to draw. Jefferson County Comm’n v. ECO Preservation Servs., L.L.C., supra (citing Renfro v. Georgia Power Co., 604 So.2d 408 (Ala.1992)).”
Nationwide, 792 So.2d at 372.

Facts and Discussion

Each of the deputy sheriffs is supervised by James Hayes, the sheriff of Etowah County. Before 2004, the Commission honored properly submitted overtime claims submitted by the deputy sheriffs. In 2004, however, the Commission began denying overtime claims submitted by the deputy sheriffs.
I.
The Commission first asserts that overtime compensation for the deputy sheriffs is governed by § 36-21-4.1, Ala.Code 1975. That section provides, in part:
“(a) Any nonelected law enforcement officer in the service, of a county who has worked a number of hours in excess of the established and recurring work period, shall be compensated according to the standards and guidelines established by the Fair Labor Standards Act (29 C.F.R. § 553.200, et seq.). The officer shall be compensated at a rate of not less than one and one-half hours for each hour of employment for which overtime is required. Nonelected law enforcement officers may receive, in lieu of overtime pay, compensatory time off at a rate of not less than one and one-half hours for each hour of employment for which overtime is required.”
In contrast, the deputy sheriffs maintain, and the trial court agreed, that their overtime compensation is regulated by § 36-21-4, Ala.Code 1975, which provides:
“Each state law enforcement officer in the service of the state who is assigned to duty for more than 40 hours during the calendar week shall be paid time and one half for such excess hours worked or he shall be given time and one-half compensatory leave as herein provided, except as hereinafter limited. Such officers shall normally work a 40-hour work week.”
The primary issue in this case thus boils down to whether the deputy sheriffs are properly classified as “state law enforcement officerfs] in the service of the state,” *1012 see § 36-21-4, or as “nonelected law enforcement officer[s] in the service of a county,” see § 36-21-4.1, for purposes of determining their right to overtime compensation.
No prior Alabama case directly responds to that question, but the appellate courts of this state have at least indirectly concluded that § 36-21-4.1 regulates overtime compensation for deputy sheriffs. In Hale v. Randolph County Commission, 423 So.2d 893, 895 (Ala.Civ.App.1982), the Court of Civil Appeals determined that Act No. 81-868, Ala. Acts 1981, later codified as § 36-21-4.1, provided that deputy sheriffs may receive overtime pay. Hale, 423 So.2d at 894. Later, in Geneva County Commission v. Tice, 578 So.2d 1070, 1073 (Ala.1991), the Supreme Court, citing only § 36-21-4.1, stated: “[W]e find that the Alabama legislature has authorized the payment of overtime pay to deputy sheriffs.” Tice, 578 So.2d at 1073. Of course, to reach those conclusions, the courts necessarily must have assumed that deputy sheriffs were “nonelected law enforcement officer[s] in the service of a county”; otherwise, § 36-21-4.1 would not have applied. It is therefore consistent with previous Alabama law to apply § 36-21-4.1 to the deputy sheriffs in the present case with regard to their claims for overtime compensation.
The deputy sheriffs argue that they are not “in the service of [the] county” because, they say, the appellate courts of this state have concluded that they are not county employees for other purposes; they cite to cases in which the appellate courts have held that, as “alter egos” of the sheriff, deputy sheriffs are employees of the state. See, e.g., Whitten v. Lowe, 677 So.2d 778, 780 (Ala.Civ.App.1995) (county personnel board’s rules and regulations did not apply to deputy sheriffs because they are state employees); Mack v. Arnold, 929 So.2d 480, 483 (Ala.Civ.App.2005) (county personnel system’s manual did not apply to deputy sheriff as a state employee); and Cofield v. Randolph County Comm’n, 844 F.Supp. 1499, 1501 (M.D.Ala.1994) (deputy sheriff could not be held liable in his official capacity for tortious acts because he was immune as a state officer). In addition, several opinions from the attorney general, relying on these cases, have indicated that deputy sheriffs are state employees. See, e.g., Att’y Gen. Op. No. 2002-316 (Aug. 14 2002). We find these cases inapposite.
In Whitten, supra, the Supreme Court concluded that deputy sheriffs were not subject to Act No. 82-206, Ala. Acts 1982, because they were not “ ‘employed in the service of Marshall County.’ ” 677 So.2d at 779. In Mack, supra, this court decided that a deputy sheriff was not entitled to pretermination due process described in a county’s personnel manual that apparently applied solely to employees of the county. 929 So.2d at 483. In Cofield, supra, the issue was whether a county commission could be liable for the tortious acts of a deputy sheriff under the doctrine of re-spondeat superior. 844 F.Supp. at 1501. In each of these cases, the outcome depended on whether the deputy sheriff was an employee of the county. The operative language of § 36 — 21—4.1 does not require that the officer be a county employee; rather, it requires only that the officer be in the service of the county.
It may be conceded that all deputy sheriffs in this state are considered employees of the sheriff in whose county the deputy serves. See Whitten, supra. Since the sheriff is a state officer by virtue of Ala. Const.1901, Art. V, § 112 (Official Re-comp.), deputy sheriffs are likewise considered state employees. See id. It does not follow, however, that these state employees are not also in the service of the *1013 county. Indeed, in designating the sheriff as an executive officer, the Constitution clarifies that there should be a sheriff “for each county.” Ala. Const.1901, Art. V, § 112. Therefore, it is not inconsistent to view the sheriff and his deputies as state employees who are in the service of the county.
Based on the foregoing, we conclude that § 36-21-4.1, Ala.Code 1975, is the applicable statute to be used in determining overtime compensation for deputy sheriffs. Thus, the trial court erred in entering a summary judgment in favor of the deputy sheriffs based on its determination that § 36-21-4, Ala.Code 1975, applied.
II.
The Commission next argues that the deputy sheriffs “are exempt from the overtime provisions of the Fair Labor Standards Act pursuant to the ‘Executive Exemption,’ 29 C.F.R. 541.” Section 541(a) provides: “Section 13(a)(1) of the Fair* Labor Standards Act, as amended, provides an exemption from the Act’s minimum wage and overtime requirements for any employee employed in a bona fide executive, administrative, or professional capacity.”
The requirements for those falling within the executive exemption are outlined in 29 C.F.R. § 541.100:
“(a) The term ‘employee employed in a bona fide executive capacity’ in section 13(a)(1) of the Act shall mean any employee:
“(1) Compensated on a salary basis at a rate of not less than $455 per week (or $380 per week, if employed in American Samoa by employers other than the Federal Government), exclusive of board, lodging or other facilities;
“(2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;
“(3) Who customarily and regularly directs the work of two or more other employees; and
“(4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.”
The exemption provided in Section 13(a)(1) of the Fair Labor Standards Act is further regulated by 29 C.F.R. § 541.3, which provides, in pertinent part:
“(b)(1) The section 13(a)(1) exemptions and the regulations in this part also do not apply to ... deputy sheriffs ..., regardless of rank or pay level, who perform work such as preventing, controlling or extinguishing fires of any type; rescuing fire, crime or accident victims; preventing or detecting crimes; conducting investigations or inspections for violations of law; performing surveillance; pursuing, restraining and apprehending suspects; detaining or supervising suspected and convicted criminals, including those on probation or parole; interviewing witnesses; interrogating and fingerprinting suspects; preparing investigative reports; or other similar work.
“(2) Such employees do not qualify as exempt executive employees because their primary duty is not management of the enterprise in which the employee is employed or a customarily recognized department or subdivision thereof as required under § 541.100. Thus, for example, a police officer or fire fighter whose primary duty is to investigate crimes or fight fires is not exempt under section 13(a)(1) of the Act merely be *1014 cause the police officer or fire fighter also directs the work of other employees in the conduct of an investigation or fighting a fire.”
Because the trial court determined that § 36-21^1 applied to the deputy sheriffs, the trial court did not review whether the “Executive Exemption” of the Fair Labor Standards Act would apply to the deputy sheriffs. Appellate review “ ‘is limited to the issues that were before the trial court’ ”; “ ‘an issue raised on appeal must have first been presented to and mled on by the trial court.’ ” Hall v. Hall, 903 So.2d 78, 81 (Ala.2004) (quoting Norman v. Bozeman, 605 So.2d 1210, 1214 (Ala.1992)) (emphasis added). Because the issue whether the “Executive Exemption” of the Fair Labor Standards Act applied was not contemplated in the trial court’s judgment, there was no evidence presented with regard to the definitions and deli-mitations of that exemption and there has been no final determination as to its application in this case. We therefore decline to review this issue on appeal and remand the case to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
THOMAS, J., concurs.
THOMPSON, P.J., concurs specially, with writing, which PITTMAN, J., joins.
BRYAN, J., concurs in the result, without writing.