THOMPSON, Presiding Judge.
The Blount County Commission (“the commission”) appeals from a summary judgment entered in favor of Chief Deputy Sheriff Clinton A. Sherrell, ordering the commission to pay Sherrell the amount allowed under § 36-26-36, Ala.Code 1975,[1] for the 480 hours of unused sick leave that Sherrell had accrued at the time of his retirement.
The record indicates the following. Sherrell worked for the Blount County Sheriffs Office (“the sheriffs office”) from October 19, 1978, to February 12, 1988, and again from January 15, 1991, to October 31, 2002. During his tenure with the sheriffs office, Sherrell accrued 480 hours of unused sick leave. When he retired on October 31, 2002, Sherrell held the position of chief deputy sheriff.
The money used to pay the operating costs of the sheriffs office, including deputies’ salaries, comes from commission appropriations. Upon his retirement, Sherrell filed a verified claim with the commission seeking payment for his unused sick leave. In his claim, Sherrell asserted that, as a deputy sheriff, he was considered a state employee subject to the state merit system for purposes of calculation, accrual, and partial payment for his unused sick leave. In November 2002, the commission denied Sherrell’s claim. Sherrell filed the instant action on December 20, 2002.
For reasons not made clear in the record, this case progressed slowly through the trial court. Ultimately, the commission moved for a summary judgment, contending that, as a deputy sheriff, (1) Sher-rell was exempt from the merit system; (2) on its face, § 36-26-36, which allows *1198 employees governed by the merit system to collect partial payment for their unused sick leave, did not apply to Sherrell; and (3) even if Sherrell were subject to the merit system, the State of Alabama was obligated to pay Sherrell for his unused sick leave, not Blount County. In support of its motion, the commission submitted the affidavits of Chris Green, the Blount County administrator, and Jackie Graham, director of the state personnel department.
In his affidavit, Green stated that the commission had paid Sherrell’s salary. He also stated that the commission’s policy was not to pay employees for their unused sick leave upon retirement. He further opined that Sherrell was not subject to the merit system.
Graham likewise stated that Sherrell was not subject to the merit system. She said that pursuant to a “long-established policy,” deputy sheriffs were considered exempt from the state merit system. The basis for that policy, she said, was because deputy sheriffs are the legal alter egos of the sheriffs for whom they work, and the sheriffs are exempt from the merit system.
The trial court held a hearing on the motion for a summary judgment on June 30, 2009. Although Sherrell had not sought a summary judgment, the trial court treated his response to the commission’s motion as a motion for summary judgment. On November 2, 2009, the trial court entered a summary judgment in Sherrell’s favor, finding that there were no genuine issues of material fact and that Sherrell was entitled to a judgment as a matter of law. Specifically, the trial court found that Sherrell was a state employee who was not exempt from the merit system because, the court said, § 36-26-10(b), the statute defining various categories of state employees, does not explicitly exempt employees of sheriffs from the merit system. Therefore, the trial court held, the commission was obligated to pay Sherrell $10,771.20 as payment for his unused sick leave. The commission appeals.
“In reviewing a summary judgment, we use the same standard the trial court used in determining whether the evidence before it presented a genuine issue of material fact and whether the movant was entitled to a judgment as a matter of law. Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988); Rule 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that no genuine issue of material fact exists, the burden then shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989). Evidence is ‘substantial’ if it is of ‘such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). In reviewing a summary judgment, this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Handlers v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990). Furthermore, ‘[i]f the terms within a contract are plain and unambiguous, the construction of the contract and its legal effect become questions of law for the court and, when appropriate, may be decided by summary judgment.’ McDonald v. U.S. Die Casting & Dev. Co., 585 So.2d 853, 855 (Ala.1991).”
Taylor v. Striplin, 974 So.2d 298, 301 (Ala.2007).
The commission contends that the trial court erred in finding that, as a deputy sheriff, Sherrell is not exempt from the merit system. In its judgment, the trial *1199 court found “no mention” within § 36-26-10(b) that “employees of a sheriff’ were exempt from the merit system.
The commission does not dispute that Sherrell is a state employee. See, e.g., Whitten v. Lowe, 677 So.2d 778, 780 (Ala.Civ.App.1995) (county personnel board’s rules and regulations did not apply to deputy sheriffs because they are state employees); Mack v. Arnold, 929 So.2d 480, 483 (Ala.Civ.App.2005) (county personnel system’s manual did not apply to deputy sheriff, who was a state employee). The commission argues that because the county sheriff, who is an elected official, is exempt from the merit system, see § 36-26-10(b)(1), a deputy sheriff, as the sheriffs legal alter ego, is also exempt.
Section 36-26-10 provides:
“(a) Positions in the service of the state shall be divided into the exempt, the unclassified and the classified service.
“(b) The exempt service shall include:
“(1) Officers elected by the vote of the people.
“(2) Officers and employees of the Legislature.
“(3) All employees of a district attorney’s office.
“(4) Members of boards and commissions, whether appointed or self-perpetuating, and heads of departments required by law to be appointed by the Governor or by boards or commissions with the approval of the Governor.
“(5) All officers and employees of the state’s institutions of higher learning, teacher-training institutions and normal schools, educational, eleemosynary and correctional institutions which are governed and controlled by boards of trustees or similar governing bodies and secondary agricultural schools and vocational schools.
“(6) All inmate help in all charitable, penal and correctional institutions.
“(7) All commissioned and warrant officers and enlisted men of the national guard and naval militia of the state in their respective military and naval grades.
“(8) The Governor’s private secretary, legal advisor, recording secretary and those employees of the Governor’s office paid exclusively out of the Governor’s Emergency or Contingent Funds.
“(9) The employees of the Alabama State Port Authority engaged in railroad service and subject to the provisions of an act of Congress known as the Railway Labor Act as amended or as it may hereafter be amended.
“The services listed in this subsection as exempt shall in no respect be subject to the provisions of this article, anything to the contrary notwithstanding.
“(c) The unclassified service shall include:
“(1) One confidential assistant or secretary for each board, commission and elected officer and, when requested by the Governor, for each department head appointed by the Governor; and
“(2) All employees of the Governor’s office not exempted. The positions in the unclassified service enumerated in this subsection may at the request of the appointing authority be filled by classified employees. Each of the employees thus appointed shall, at the conclusion of his occupancy of such position, resume his previous status in the classified service.
*1200 “(d) The classified service shall include all other officers and positions in the state service.
“(e) Except as to services denominated as exempt or unclassified services in subsections (b) and (c) of this section, the Governor shall have the power by executive order to extend the provisions of this article to include additional positions or classes of positions.
“(f) Employees in the unclassified service shall be subject to the same rules and regulations of employment as apply to employees in the classified service except as to appointment and dismissal.”
Although it is true that § 36-26-10 does not explicitly state that deputy sheriffs are exempt from the merit system, our inquiry requires us to go beyond a simple reading of the statute. Our supreme court has recently reiterated the well-established principle that deputy sheriffs are the legal alter egos of the sheriffs by whom they are employed.
“A deputy sheriff enjoys the immunity of the sheriff because of long-standing precedent treating the deputy as an alter ego of the sheriff.
“ ‘We must reach the same conclusion with regard to Deputies Brandon and Finley. In Mosely v. Kennedy, 245 Ala. 448, 450, 17 So.2d 536, 537 (1944), this Court stated, “In general, the acts of the deputy sheriff are the acts of the sheriff. The deputy sheriff is the alter ego of the sheriff.” (Citations omitted.) In dealing with the same issue that is present here, the federal appellate court in Carr v. City of Florence, Alabama, 916 F.2d 1521, 1526 (11th Cir.1990), affirmed summary judgments for the Lauderdale County sheriff and his deputies, stating:
“ ‘ “[Under Alabama law, a] deputy is legally an extension of the sheriff. If the deputy’s acts are generally considered the acts of the sheriff, it is logical that those acts should also enjoy the immunity covering the sheriffs own acts.” ’
“Hereford v. Jefferson County, 586 So.2d 209, 210 (Ala.1991).”
Wheeler v. George, 39 So.3d 1061, 1093 (Ala.2009).
In Whitten, supra, this court applied the principle that a sheriffs deputy is the alter ego of the sheriff to hold that Marshall County sheriffs deputies seeking to retain their jobs were not entitled to the protection of the Marshall County Personnel Act, stating:
“In Terry v. Cook, 866 F.2d 373 (11th Cir.1989), the [United States] Court of Appeals for the Eleventh Circuit established that a deputy is a legal extension of the sheriff, and, therefore, a deputy’s actions are considered the actions of the sheriff and the two should share the same immunity. Specifically, the Terry court stated:
“ ‘Under Alabama law, a deputy sheriff is the general agent of and empowered to enter into business transactions for the sheriff. Any transaction within the scope of the sheriffs duties may be acted upon by his deputy. The deputy sheriff is the alter ego of the sheriff, and the sheriff is civilly liable for actions committed by a deputy done in the performance of his duty.’
“Id., at 377 (citations omitted). That court also concluded that a sheriff could refuse to rehire politically disloyal deputies, because of the ‘closeness and-cooperation required between sheriffs and their deputies.’ Id. at 377. Both Lowe and Pickett [the deputy sheriffs seeking protection of the county personnel act] *1201 were fired for making disloyal remarks about Whitten.
“For further support for the proposition that a sheriffs deputies are not employees in the service of the county, we look to Hooks v. Hitt, 539 So.2d 157 (Ala.1988). There, an investigator who had worked for the district attorney’s office challenged his dismissal on the grounds that he had been denied statutorily created substantive and procedural due process protection afforded to county employees under Etowah County’s civil service statute, Act 84-462, Acts of Ala. 1984. Our supreme court held that the investigator was not entitled to any protection provided by the statute because he was not a county employee: ‘By virtue of the fact that a district attorney is a state employee, we conclude that those in his employ are also state employees.’ Id., at 159. A sheriff is not a county employee; rather, he is a member of the executive branch of state government and thus a state employee by virtue of the Constitution of the State of Alabama. Ala. Const. 1901, § 112; Hereford v. Jefferson County, 586 So.2d 209 (Ala.1991). Applying Hooks to the facts of this case, we must conclude that a sheriffs deputy is also a state employee. Local Act No. 82-206 applies only to those ‘employees in the service of the County.’ Therefore, the sheriffs deputies, as employees in the service of the state, are not entitled to protection under the statute. In view of the clear meaning of the pertinent provisions of Act 82-206 and given the case law, we hold that the sheriffs exemptions specifically provided for in the Acts should extend to his deputies and that the sheriffs deputies are not employees of the county and that the Act therefore does not apply to them.”
Whitten, 677 So.2d at 779-80.
Applying the rationale of Whitten to the instant case, we conclude that the exemption of a county sheriff from the state merit system should also extend to his deputies.[2] In other words, if a sheriffs exemption from an act governing county personnel extends to his deputies because they are his legal alter egos, it follows that a sheriffs exemption from the state merit system also extends to his deputies for the same reason. Because in his position as chief deputy sheriff Sherrell was exempt from the state merit system, he was not entitled to be paid for his unused sick leave pursuant to § 36-26-36.
Because we hold that Sherrell was exempt from the state merit system and, thus, not entitled to compensation for his unused sick leave, we do not address the other issues the commission raised regarding the propriety of the trial court’s judgment.
For the reasons set forth above, the judgment of the trial court is reversed, and this cause is remanded to the trial court for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
PITTMAN, THOMAS, and MOORE, JJ., concur.
BRYAN, J., concurs in the result, without writing.

. Section 36-26-36, Ala.Code 1975, provides as follows:
“(a) Upon retirement, each employee who acquires sick leave pursuant to the state Merit System shall receive payment of 50 percent of his or her accrued and unused sick leave, not to include escrowed sick leave as provided herein, at the time of his or her retirement, and payments for the sick leave shall be made at the same rate as his or her regular pay, not to exceed 600 hours.
"(b) When a state employee in the classified service dies while in active service to the state, the estate of the deceased employee shall receive a monetary payment of 50 percent of the accrued and unused sick leave, not to exceed 600 hours, which the employee was credited with at the time of his or her death.
"(c) The state shall calculate sick leave each pay period. Sick leave earned over 1200 hours shall be considered excess sick leave which shall be accrued and credited to the employee for use as sick leave in the year the excess sick leave is earned.
"(d) On December 31, 2000, and on December 31 of each year thereafter and at no other time during the year, excess sick leave over 1200 hours shall be placed in escrow for the state employee who earned the sick leave to be used only as may be provided by State Personnel Board rules.
"(e) This section does not preclude the accumulation of and payment for a greater number of hours of sick leave to an employee upon retirement pursuant to Section 16-1-18.1."

. Although an opinion of the state attorney general is not binding precedent, we note that the attorney general also has concluded that deputy sheriffs are exempt from the state merit system. See Ala. Op. Atty. Gen., No. 2002-316 (Aug. 14, 2002).