STUART, Justice
(concurring specially).
I concur in the decision to quash the writ of certiorari previously issued and to uphold the Court of Civil Appeals’ reversal of the trial court’s judgment; however, I do not agree with the rationale given by the Court of Civil Appeals for reversing the trial court’s judgment. Blount Cnty. Comm’n v. Sherrell, 77 So.3d 1196 (Ala.Civ.App.2010). Specifically, I do not agree that because a deputy sheriff is the alter ego of the sheriff for purposes of State immunity, a deputy sheriff is the alter ego of the sheriff for all purposes. I believe the case should be decided on a different basis. Therefore, I agree only with the result reached by the Court of Civil Appeals.
Section 36-26-36(a), Ala.Code 1975, provides:
“Upon retirement, each employee who acquires sick leave pursuant to the state Merit System shall receive payment of 50 percent of his or her accrued and unused sick leave, not to include es-crowed sick leave as provided herein, at the time of his or her retirement, and payments for the sick leave shall be made at the same rate as his or her regular pay, not to exceed 600 hours.”
(Emphasis added.) Deputy sheriffs and employees of the Sheriffs Office in Blount County are not subject to the State merit system under a local act applicable to Blount County, which provides:
“In the absence of any general law of statewide application fixing the annual salaries of deputies of the sheriff, in Blount County, the following officers and employees in the office of the sheriff shall receive the following annual salaries in lieu of all other compensation and allowances.... There shall be employed in said office such number of deputies and other personnel as the county commission and the sheriff may agree are necessary for the efficient operation of the office. If it is determined that additional personnel is necessary, the sheriff may set the salaries of same, *1203 subject to the approval of the county commission. The sheriff shall be entitled to select his own deputies and employees and they shall serve at his pleasure. All salaries herein provided for shall be paid in equal monthly installments in the same manner as salaries are paid to other county officers. The salaries prescribed in this section shall be come effective on the first day of the first month next following this act becoming law.”
Act No. 649, Ala. Acts 1973, § 1.
Because Clinton A. Sherrell, a chief deputy in the Blount County Sheriffs Office, was not subject to and did not acquire sick leave pursuant to the State merit system, he is not entitled to payment for unused sick leave under § 36-26-36(a), Ala.Code 1975. For that reason, the decision of the Blount Circuit Court is due to be reversed.
MALONE, C.J., concurs.