[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13614
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 13, 2012
JOHN LEY
CLERK

D.C. Docket No. 8:09-cv-00634-VMC-TBM

NEELAM UPPAL,

Plaintiff - Appellant,

versus

HOSPITAL CORPORATION OF AMERICA,
d.b.a.
HCA Inc.,
EDWARD WHITE HOSPITAL,
LARGO MEDICAL CENTER,
GALENCARE, INC.,
d.b.a.
Northside Hospital & Tampa
Bay Heart Institute,
PALMS OF PASADENA HOSPITAL, LP,
d.b.a.
Palms of Pasadena Hospital,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 13, 2012)

Before MARTIN, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Neelam Uppal, a woman of Indian origin, appeals the district court's dismissal of her Third Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) against Hospital Corporation of America, Edward White Hospital, Largo Medical Center, Northside Hospital & Tampa Bay Institute, and Palms of Pasadena Hospital, LP.

Dr. Uppal was "appointed as an attending physician and was given privileges to admit and treat patients" at the defendant medical centers. Over the course of her employment with the hospitals, Dr. Uppal was subjected to a number of disciplinary actions. Based on these adverse employment actions, Dr. Uppal filed claims under Title VII and the Florida Civil Rights Act in district court. The district court dismissed Dr. Uppal's Title VII claims for failure to sufficiently plead her claims pursuant to Federal Rules of Civil Procedure 8(a) and 10(b), and

it dismissed her state law claims with prejudice pursuant to the immunity Florida law grants to matters arising out of hospital peer review processes. See Fla. Stat. § 395.0191(7)–(8). Dr. Uppal filed a Second Amended Complaint, and then sought leave to amend, which the district court granted. She ultimately filed a Third Amended Complaint, alleging claims under Title VII for discrimination on account of gender, race and national origin, hostile work environment, and retaliation for engaging in protected conduct. The district court dismissed with prejudice this complaint pursuant to Federal Rule of Procedure 12(b)(6) for failure to plead sufficient facts to state Title VII claims for discrimination, hostile work environment, and retaliation. On appeal, Uppal argues that she pleaded sufficient facts in her Third Amended Complaint to state each of her Title VII claims, and that Florida's peer review immunity statute does not bar her state law discrimination claims. We address each claim in turn.

I.

We review de novo a district court's dismissal of a complaint for failure to state a claim under Rule 12(b)(6). Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).

In a Rule 12(b)(6) motion to dismiss, we take the factual allegations as true; however, we are not "required to accept the labels and legal conclusions in the

3

complaint as true." Id. at 1291. Instead, a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). As such, a district court may "insist upon some specificity in [the] pleading before allowing a potentially massive factual controversy to proceed." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 558, 127 S. Ct. 1955, 1967 (2007) (quotation marks omitted).

## II.

Turning first to Dr. Uppal's employment discrimination claim, Title VII "prohibits employment discrimination on the basis of race, . . . sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Disparate treatment can constitute illegal discrimination when "an employer has treated a particular person less favorably than others because of a protected trait." Ricci v. DeStefano, 557 U.S. 557, __, 129 S. Ct. 2658, 2672 (2009) (quotation marks and alterations omitted). Although a plaintiff need not satisfy the McDonnell Douglas[1] framework at the pleading

---

[1] McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973). Under this framework, the plaintiff must first establish a prima facie case, which creates a presumption of unlawful discrimination against the employee. The employer may then rebut that presumption with legitimate, non-discriminatory reasons for the adverse employment actions. The employee must then proffer sufficient evidence to create a genuine issue of material fact that the defendant's articulated reasons are pretextual. See Crawford v. Carroll, 529 F.3d 961, 976 (11th Cir. 2008).

4

stage in order to state a claim for disparate treatment, the "ordinary rules for assessing the sufficiency of a complaint [still] apply."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511, 122 S. Ct. 992, 997 (2002); see also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974 (11th Cir. 2008) ("Although a Title VII complaint need not allege facts sufficient to make out a classic McDonnell Douglas prima facie case, it must provide enough factual matter (taken as true) to suggest intentional race discrimination.") (citations and quotation marks omitted).

Here, Dr. Uppal has stated multiple claims for employment discrimination based solely on the repeated allegation that "[o]ther similarly situated employees outside Plaintiff's protected classes" engaged in similar misconduct, but were not disciplined.  Indeed, this allegation recites a crucial element of a prima facie Title VII case where the alleged discrimination is based solely on an employer's disparate treatment of employee misconduct.  See, e.g., Burke-Fowler v. Orange Cnty, Fla., 447 F.3d 1319, 1323 (11th Cir. 2006).  However, Dr. Uppal never once supplements these allegations of disparate treatment with any factual detail, such as even a brief description of how the alleged comparator employees were outside of her protected class.  This being the case, Dr. Uppal has alleged no facts to support that gender, race or national origin played any role in the disparate treatment.  See Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 ("Threadbare recitals of

5

the elements of a cause of action . . . do not suffice."). Therefore, the district court did not err in dismissing Dr. Uppal's employment discrimination claim.

III.

Uppal has also asserted a hostile work environment claim against each of the defendant medical centers. Discriminatory conduct that is "so severe or pervasive that it create[s] a work environment abusive to employees because of their race, gender, religion, or national origin offends Title VII's broad rule of workplace equality." Harris v. Forklift Sys., Inc., 510 U.S. 17, 22, 114 S. Ct. 367, 371 (1993). Dr. Uppal alleged that "Defendants, by and through Plaintiff's supervisors created and perpetuated a hostile work environment . . . on the basis of her gender, race, national origin and retaliation," and that this "hostile work environment was severe and pervasive." To the extent that this hostile work environment claim stems from the same allegations underlying Dr. Uppal's employment discrimination claim, as we noted above, she has failed to allege sufficient facts suggesting that gender, race or national origin played any part in the adverse employment actions. This necessarily defeats any allegation that the hostile work environment was on account of protected characteristics.

Dr. Uppal also alleged a single instance of sexual harassment at Largo Medical Center, in which her supervisor "privately met with [her], sat down next

6

to [her] and placed his arm around her in an unwelcomed sexual manner." However, this single incident of harassing conduct cannot support a hostile work environment claim. Miller v. Kenworth of Dotham, Inc., 277 F.3d 1269, 1276 (11th Cir. 2002) (requiring conduct that is severe or pervasive); see also Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 115, 122 S. Ct. 2061, 2073 (2002). Therefore, the district court properly dismissed Dr. Uppal's hostile work environment claim.

## IV.

Turning finally to Dr. Uppal's retaliation claim, Title VII makes it unlawful "for an employer to discriminate against any of his employees . . . because [she] has opposed any practice made an unlawful employment practice" under Title VII. 42 U.S.C. § 2000-3(a). Retaliation under Title VII occurs when an employee engages in protected activity, and suffers an adverse employment action that is causally related to that activity. See Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1388 (11th Cir. 1998). In terms of causation, a plaintiff must show that the decision-maker was aware of the protected conduct. Shannon v. Bellsouth Telecomms., Inc., 292 F.3d 712, 716 (11th Cir. 2002).

On appeal, Dr. Uppal argues that she pleaded sufficient facts to support her

retaliation claim against Palms of Pasadena,[2] because she lost her emergency room privileges shortly after complaining about discrimination. Specifically, in July 2008, she wrote to the CEO of Palms of Pasadena complaining of discrimination and harassment. However, according to her complaint, Dr. Uppal had already lost her emergency room (ER) privileges prior to sending the July 2008 letter. Therefore, this initial loss of ER privileges cannot be causally related to Dr. Uppal's July 2008 letter.

Dr. Uppal further alleges that following her July 2008 letter to the CEO of Palms of Pasadena, the hospital held a hearing on the issues relating to her ER practice. The hearing committee recommended that Dr. Uppal be "re-appointed and trained on the computer." But the hospital never sent her a copy of that decision, and in late February 2009, Dr. Uppal "was deemed as having 'voluntarily resigned' by Defendant." Crucially, these allegations establish no causal relationship between the July 2008 letter that Dr. Uppal sent to the CEO, and the adverse employment actions taken by the hearing committee and the "Defendant" in early 2009. Specifically, Dr. Uppal does not allege that the hearing committee

---

[2] Dr. Uppal apparently abandons her retaliation claims against the other defendant medical centers because she only cites to the portion of the complaint concerning Palms of Pasadena. See Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1322 (11th Cir. 2001) (holding that issue not raised in initial brief is deemed waived).

was aware of the letter that she sent to the CEO. See Shannon, 292 F.3d at 716. Neither does she allege that the decision-maker who deemed her to have voluntarily resigned was aware of the letter, thus failing to allege any kind of causal relationship between the protected conduct and the adverse employment action. See id. This being the case, Dr. Uppal has pleaded no facts to support her retaliation claim, and the district court's dismissal of that claim was proper.

V.

With regard to Dr. Uppal's state law claims, she argues that the immunity that Florida law grants to a hospital's peer review process does not apply to her state law claims. However, we need not reach this issue.

We have held that "decisions construing Title VII are applicable when considering claims under the Florida Civil Rights Act, because the Florida Act was patterned after Title VII." Harper, 139 F.3d at 1387. Here, Dr. Uppal only appeals the dismissal of her state law discrimination claims under the Florida Civil Rights Act, Fla. Stat. § 760.01 et seq. Given that her claims under the Florida Civil Rights Act mirror her Title VII claims for employment discrimination, hostile work environment, and retaliation, Dr. Uppal's state law discrimination claims rise and fall with her Title VII claims. See id.

VI.

For these reasons, we affirm the district court's dismissal of Dr. Uppal's claims.

**AFFIRMED.**