[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10460
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 8, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:10-cv-02108-RAL-TBM

ROBERT KELVIN LINDBLOOM,

Plaintiff-Appellant,

versus

W. BRAD STEUBE,
individually,
W. BRAD STEUBE,
as Sheriff of Manatee County, Florida,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 8, 2011)

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Kelvin Lindbloom appeals pro se the dismissal of his second amended complaint against Brad Steube, the Sheriff of Manatee County, Florida. 42 U.S.C. § 1983. The district court dismissed Lindbloom's complaint on the ground that it failed to state a claim for relief. Fed. R. Crim. P. 12(b)(6). We affirm.

Lindbloom alleged that he received warnings from deputies of the Sheriff's Office not to trespass on property of the Old Parrish School House, and that the deputies filed official reports that accused Lindbloom falsely of refusing to leave the building when requested by an employee of Manatee County. Lindbloom alleged that the reports subjected him to personal humiliation and damaged his professional reputation. Lindbloom alleged that he is no longer able to attend meetings on the property and is unable to vote. Lindbloom also alleged that the deputies "act[ed] in accordance with" policies and procedures implemented by Steube, but Lindbloom did not describe those policies and procedures.

The district court did not err by dismissing Lindbloom's complaint. Lindbloom failed to "state a claim to relief that is plausible on its face," that is, from which the district court could "draw the reasonable inference" that Sheriff Steube did anything to violate Lindbloom's constitutional rights. Ashcroft v. Iqbal, 556 U.S. ____, 129 S. Ct. 1937, 1949 (2009). Lindbloom complained about violations of his rights to equal protection and due process under the Fourteenth

2

Amendment, but Lindbloom did not allege that he was a member of a protected class who had been discriminated against, see Sweet v. Sec'y, Dept. of Corr., 467 F.3d 1311, 1318–19 (11th Cir. 2006), or that he had been deprived of a recognized liberty or property interest, other than "injury to [his] reputation," Behrens v. Regier, 422 F.3d 1255, 1259 (11th Cir. 2005).  Lindbloom complained about a violation of his right to privacy under the Fourteenth Amendment based on the dissemination of allegedly false statements in the official reports, but Lindbloom had no "constitutional right to be free from public embarrassment or damage to his reputation."  Carroll by Carroll v. Parks, 755 F.2d 1455, 1457 (11th Cir. 1985).  Lindbloom also complained that he had been defamed, but he did not allege facts, such as a loss of his job or a "significant alteration of some other legal right or status," that would establish that his injury "r[o]se to the level of a constitutional deprivation."  Von Stein v. Brescher, 904 F.2d 572, 581, 582 (11th Cir. 1990).  Lindbloom also failed to state a claim against Steube individually because Lindbloom based his complaint on actions of the deputies.  See Kentucky v. Graham, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105 (1985) ("Personal-capacity suits seek to impose personal liability upon a governmental official for actions he takes under color of state law.").

The district court did not err when it dismissed Lindbloom's complaint with

prejudice. The district court twice ordered Lindbloom to amend his complaint, but he failed on both occasions to state a claim for which relief could be granted. In response to Steube's motion to dismiss, Lindbloom asked the district court to "apply its legal acumen and experience to glean [the second amended] Complaint for facts which would support a cause of action." Because Lindbloom had already amended his complaint twice, and did not request another opportunity to amend, he cannot complain about being denied a third opportunity to amend his complaint.

We **AFFIRM** the dismissal of Lindbloom's complaint.