[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10982
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-01479-AKK

KESIENA TANI,

Plaintiff - Appellant,

versus

SHELBY COUNTY, ALABAMA,
SHELBY COUNTY MANAGER,
SHELBY COUNTY COMMISSIONERS,
SHELBY COUNTY SHERIFF DEPARTMENT,
SHELBY COUNTY SHERIFF, et al.,

Defendants - Appellees,

INGEL REALTY COMPANY, LLC, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(February 28, 2013)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Kesiena Tani appeals the district court's dismissal of his complaint under Federal Rule of Civil Procedure 12(b)(6). After review, we affirm.

In May 2011, Tani sued a multitude of defendants, including Shelby County, Alabama (the County), the County's manager, commissioners, and sheriff's department, and county sheriffs Chris Curry and Josh Forrest.[1] In an 84-page complaint, Tani alleged that sheriffs Curry and Forrest racially profiled and harassed him at his apartment. In one instance, Tani alleged, the sheriffs arrested him, unlawfully searched his apartment, and seized his property. He claimed violations of the Alabama Constitution and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. He sought damages, but no injunctive relief.

Several defendants moved to dismiss Tani's complaint. A magistrate judge denied the motions to dismiss but ordered Tani to file an amended complaint satisfying the "short and plain statement" requirement of Federal Rule of Civil Procedure 8. In September 2011, Tani filed an amended complaint. This complaint stated claims under the Alabama and United States Constitutions, as well as federal civil statutes, including 39 U.S.C. § 3623 and 42 U.S.C. §§ 1981,

---

[1] Tani also initially sued several parties that and are no longer part of this appeal.

1982, 1983, 1985, 1986, and 5831, and federal criminal statutes, including 18 U.S.C. §§ 241, 371, and 2701.  The amended complaint included no factual allegations.  Each of the defendants again moved to dismiss.  A magistrate judge again ordered Tani to amend his complaint, directing Tani to set out individual facts and state in factual detail what occurred to form the basis for his legal claims.  The judge denied the defendants' second set of motions to dismiss.

In October 2011, Tani filed a "supplement to first amended complaint," in which he repeated most of the claims from his first amended complaint.  He added only three factual allegations:  (1) that, on February 24, 2010, sheriffs knocked on his apartment door, asked his name, and placed him under arrest; (2) the specific items allegedly seized from his apartment; and (3) the specific injuries he suffered.  The defendants once again moved to dismiss.  The magistrate judge recommended granting the defendants' motions, and the district court adopted that recommendation over Tani's objections.  Tani appeals.

We review *de novo* the district court's grant of a motion to dismiss under Rule 12(b)(6).  *Rosenberg v. Gould*, 554 F.3d 962, 965 (11th Cir. 2009).  Our duty to liberally construe a *pro se* litigant's complaint "in the face of a motion to dismiss is not the equivalent of a duty to re-write it . . . ."  *Peterson v. Atl. Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

3

We conclude that each of Tani's claims are either not properly before us or, as the district court concluded, fail as a matter of law.  As a preliminary matter, Tani now couches his claim solely in terms of § 1983 liability.[2]  Specifically, he has failed to argue on appeal, and has therefore abandoned, any challenge to the district court's conclusions that his claims under the Alabama Constitution[3] and under all federal laws except § 1983 fail as a matter of law.  *See Rowe v. Schreiber*, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998).

Tani's remaining claims are that sheriffs Curry and Forrest, in their official and individual capacities, are liable under § 1983 for violating Tani's Fourth, Fifth, Sixth, and Fourteenth Amendment rights by racially profiling, harassing, and falsely arresting Tani and by unlawfully searching his apartment and seizing some of its contents.  He claims that the County manager and commissioners are also liable for these violations.[4]

The district court properly granted the defendants' motions to dismiss on these claims.  First, Curry and Forrest, in their official capacities, are immune from a suit for damages under § 1983 in their official capacities, and Tani sued for

---

[2] To the extent Tani contends the district court violated Fed. R. Crim. P. 41(g) by allegedly failing to return to him property seized, we decline to consider the argument because Tani did not raise it before the district court.  *See Slater v. Energy Servs. Grp. Int'l*, 634 F.3d 1326, 1332 (11th Cir. 2011).

[3] Tani's single reference to the Alabama Constitution in his appellate brief, without any argument, is insufficient to preserve the issue for our review.  *See Rowe v. Schreiber*, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998).

[4] Tani has also abandoned any challenge to the district court's conclusion that the County sheriff's department is not a legal entity subject to suit.  *Id.*

4

damages alone. *Welch v. Laney*, 57 F.3d 1004, 1008 (11th Cir. 1995). Second, the district court correctly determined that Tani failed to state a viable claim, in accordance with Rule 8, against Curry and Forrest in their individual capacities. "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).[5] Tani's complaint contains almost no factual allegations. He alleges only that the defendants violated his various rights without cause, but does not explain what actions caused which violations except in the language of labels and legal conclusions. *See id.* at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." (internal quotation marks omitted)). This is clearly insufficient to survive a Rule 12(b)(6) motion to dismiss. The district court was correct to dismiss Tani's claims against the County manager and commissioners for the same reason.

**AFFIRMED.**

---

[5] Tani argues that *Iqbal* does not apply to his § 1983 claim, but this contention is meritless. *See Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010) (applying *Iqbal* standard to § 1983 claim).

5